# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LARRY RUMBOUGH,

    Plaintiff,

    Case No. 6:13-cv-

-v-

RICHARD R. BAKER; BAKER LAW OFFICES, P.A.;
FISHER, RUSHMER, WERRENRATH, DICKSON,
TALLEY & DUNLAP, P.A; JOHN FISHER;
KIMBERLY LORENZ; RUSSELL DICKSON;
JONATHAN HOLLINGSHEAD; GARY RUSHMER;
RICHARD SMITH; JAMES TALLEY; FLORIDA
LAWYERS MUTUAL INSURANCE COMPANY;
RAMON ABADIN; DONALD BRADDOCK; PHILIP
DISQUE; AVA DOPPELT; RAYMOND FERRERO;
WILLIAM LOUCKS; SUSAN SELLS,

    Defendants.

6:13-CV-1091-ORL-18GJK

## COMPLAINT

    Plaintiff, LARRY RUMBOUGH, hereby sues Defendant, RICHARD R. BAKER;
BAKER LAW OFFICES, P.A.; FISHER, RUSHMER, WERRENRATH, DICKSON, TALLEY
& DUNLAP, P.A; JOHN FISHER; KIMBERLY LORENZ; RUSSELL DICKSON;
JONATHAN HOLLINGSHEAD; GARY RUSHMER; RICHARD SMITH; JAMES TALLEY;
FLORIDA LAWYERS MUTUAL INSURANCE COMPANY; RAMON ABADIN; DONALD
BRADDOCK; PHILIP DISQUE; AVA DOPPELT; RAYMOND FERRERO; WILLIAM
LOUCKS; SUSAN SELLS; and alleges:

### PRELIMINARY STATEMENT

    1. This is an action for damages brought for damages for violations of the Fair Credit
Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*; for damages for violations of the Fair Debt
Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; and for damages for damages for
violations of the Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. §559(Part VI) *et
seq.*

### JURISDICTION AND VENUE

    2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 15 U.S.C. §1692k),
and Fla. Stat. §559.77.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

4. This is an action for damages which exceed $75,000.00.

5. Plaintiff, Larry Rumbough, is a natural person and is a resident of the State of Florida.

6. Defendant, Richard R. Baker ("Baker"), is a natural person and is a resident of the State of Florida.

7. Defendant, Baker Law Offices, P.A. ("Baker Law"), is an unknown entity.

8. Defendant, Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A. ("Fisher Law"), is a Florida corporation.

9. Defendant, John Fisher ("Fisher"), is a natural person and is a resident of the State of Florida.

10. Defendant, Kimberly Lorenz ("Lorenz"), is a natural person and is a resident of the State of Florida.

11. Defendant, Russell Dickson ("Dickson"), is a natural person and a director of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A.

12. Defendant, Jonathan Hollingshead ("Hollingshead"), is a natural person and a director of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A.

13. Defendant, Gary Rushmer ("Rushmer"), is a natural person and a director of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A.

14. Defendant, Richard Smith ("Smith"), is a natural person and a director of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A.

15. Defendant, James Talley ("Talley"), is a natural person and a director of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A.

16. Defendant, Florida Lawyers Mutual Insurance Company ("Florida Lawyers") is a Florida corporation.

17. Defendant, Ramon Abadin ("Abadin"), is a natural person and a director of Florida Lawyers Mutual Insurance Company.

18. Defendant, Donald Braddock ("Braddock"), is a natural person and a director of Florida Lawyers Mutual Insurance Company.

19. Defendant, Philip Disque ("Disque"), is a natural person and a director of Florida Lawyers Mutual Insurance Company.

20. Defendant, Ava Doppelt ("Doppelt"), is a natural person and a director of Florida Lawyers Mutual Insurance Company.

21. Defendant, Raymond Ferrero ("Ferrero"), is a natural person and a director of Florida Lawyers Mutual Insurance Company.

22. Defendant, William Loucks ("Loucks"), is a natural person and a director of Florida Lawyers Mutual Insurance Company.

23. Defendant, Susan Sells ("Sells"), is a natural person and an employee of Florida Lawyers Mutual Insurance Company.

24. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

25. On September 4, 2009 Plaintiff filed suit in Florida State Court against Baker for legal malpractice (hereinafter "state case"). Baker committed malpractice by failing to aggressively refute the fraudulent mortgage claim, insisting that Plaintiff report accounts for which Plaintiff didn't owe any money, failing to accurately report Plaintiff's financial information to the Court and then failing to correct those inaccuracies, failing to inform Plaintiff of critical hearings, generally failing to be available for consultation, withdrawing from the case without proper notice and at a crucial point, falsely informing the Court that Plaintiff was not complying with its orders, and failing to inform Plaintiff that Defendant would seek an additional amount of Plaintiff's money from the Court.

26. Baker has been sanctioned by the Florida Bar for repeatedly failing to adequately represent his clients.

27. Since the filing of the original complaint in the state case, all Defendants have engaged in a scheme to embarrass, harass, and intimidate Plaintiff by filing his credit reports and tax returns into the state case court file.

28. Fisher Law, Fisher, and Lorenz filed Plaintiff's complete, unredacted, credit reports into the court file of the state case. The credit reports included Plaintiff's social security number. All the remaining Defendants were aware of and supported this action. Defendants conducted this action solely in a deliberate and malicious effort to embarrass, harass, and intimidate Plaintiff.

29. Anyone could access these public records allowing them to review Plaintiff's personal credit information and allowing possible identity theft.

30. These credit reports do not have any information about Plaintiff's credit score.

31. Plaintiff repeatedly demanded that Fisher and Lorenz take steps to redact or seal Plaintiff's credit reports from the Court files. They have refused to do so.

32. Defendants have never requested any documents or information in discovery in the state case pertaining to Plaintiff's credit score.

33. On August 2, 2011, Plaintiff sent a letter to Defendants demanding that they return his credit reports. This demand was ignored.

34. Baker has acknowledged that the credit reports have no connection to the state case. His Motion for Summary Final Judgment makes no mention of these reports. Despite Plaintiff's repeated requests, Defendants refuse to return these reports or account for their whereabouts.

35. Fisher Law, Fisher, and Lorenz advertise themselves as debt collectors. They have attempted to collect a debt allegedly owed by Plaintiff either to Baker or Florida Lawyers.

36. On June 22, 2012 Plaintiff sent Fisher Law, Fisher, and Lorenz a letter requesting validation of the alleged debt. They did not validate the alleged debt but continued to attempt to collect it.

37. Plaintiff contends that the illegal actions of the Defendants have harmed the Plaintiff, resulting in the loss of his property, a reduction of his credit score, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

38. Defendants have engaged in a conspiracy to harass, embarrass, and intimidate Plaintiff by filing Plaintiff's personal and private documents, such as credit reports and tax returns, into the state court file. These extreme actions have caused Plaintiff extreme anxiety, depression, and loss of sleep.

## COUNT I
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
### BY DEFENDANTS BAKER, BAKER LAW, FISHER LAW, FISHER, LORENZ, DICKSON, HOLLINGSHEAD, RUSHMER, SMITH, TALLEY, FLORIDA LAWYERS, ABADIN, BRADOCK, DISQUE, DOPPELT, FERRERO, LOUCKS, AND SELLS

39. Paragraphs 1 through 38 are realleged as though fully set forth herein.

40. Baker, Baker Law, Fisher Law, Fisher, Lorenz, Dickson, Hollingshead, Rushmer, Smith, Talley, Florida Lawyers, Abadin, Bradock, Disque, Doppelt, Ferrero, Loucks, and Sells violated the FCRA. Defendants' violations include, but are not limited to, the following:
   (a) Baker violated §1681b(f) by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined by §1681b.

(b) Baker, Baker Law, Fisher Law, Fisher, Lorenz, Dickson, Hollingshead, Rushmer, Smith, Talley, Florida Lawyers, Abadin, Bradock, Disque, Doppelt, Ferrero, Loucks, and Sells violated §1681b(f) by willfully using Plaintiff's consumer report without a permissible purpose.

WHEREFORE, Plaintiff demands judgment for damages against Baker, Baker Law, Fisher Law, Fisher, Lorenz, Dickson, Hollingshead, Rushmer, Smith, Talley, Florida Lawyers, Abadin, Bradock, Disque, Doppelt, Ferrero, Loucks, and Sells for actual or statutory damages, and punitive damages, attorney's fees and court costs, and grant such other and further relief as the court deems just and proper, pursuant to 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o).

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANTS FISHER LAW, FISHER, AND LORENZ

41. Paragraphs 1 through 38 are realleged as though fully set forth herein.

42. Plaintiff is a consumer within the meaning of §1692a(3).

43. Fisher Law, Fisher and Lorenz are debt collectors within the meaning of §1692a(6).

44. Fisher Law, Fisher and Lorenz violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Fisher Law, Fisher and Lorenz violated§1692c(b) by communicating with anyone except consumer, consumer's attorney, or credit bureau concerning the debt.

(b) Fisher Law, Fisher and Lorenz violated §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(c) Fisher Law, Fisher and Lorenz violated §1692e(4) by stating that nonpayment of any debt would result in garnishment.

(d) Fisher Law, Fisher and Lorenz violated §1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken.

(e) Fisher Law, Fisher and Lorenz violated §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(f) Fisher Law, Fisher and Lorenz violated §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(g) Fisher Law, Fisher and Lorenz violated §1692e(11) by failing to warn that it was a debt collector.

(h) Fisher Law, Fisher and Lorenz violated §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(i) Fisher Law, Fisher and Lorenz violated §1692g by failure to send a validation notice within five days of the initial communication.

(j) Fisher Law, Fisher and Lorenz violated §1692g(b) by not ceasing collection efforts until the debt was validated.

WHEREFORE, Plaintiff demands judgment for damages against Fisher Law, Fisher and Lorenz for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

**COUNT III**
**VIOLATION OF FLORIDA CONSUMER COLLECTION**
**PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI)**
**BY DEFENDANTS FISHER LAW, FISHER, AND LORENZ**

45. Paragraphs 1 through 38 are realleged as though fully set forth herein.

46. Plaintiff is a consumer within the meaning of §559.55(2).

47. Fisher Law, Fisher, and Lorenz are debt collectors within the meaning of §559.55(6).

48. Defendants Fisher Law, Fisher and Lorenz violated the FCCPA. Defendants' violations include, but are not limited to, the following:

(a) Fisher Law, Fisher and Lorenz violated §559.72(3) by not telling Plaintiff that it would disclose to another information affecting Plaintiff's reputation for credit worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed.

(b) Fisher Law, Fisher and Lorenz violated §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.

(c) Fisher Law, Fisher and Lorenz violated §559.72(7) by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff.

(d) Fisher Law, Fisher and Lorenz violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

(e) Fisher Law, Fisher and Lorenz violated §559.72(15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt;

WHEREFORE, Plaintiff demands judgment for damages against Fisher Law, Fisher and Lorenz for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: July 18, 2013

Respectfully submitted,

*Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859